UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEVE HUNTER, Trustee, and ) | |
| BRICKLAYERS AND ALLIED ) | |
| CRAFTSMEN HEALTH & WELFARE ) | |
| FUND-TERRE HAUTE, et al, ) | |
| ) | |
| Plaintiffs ) | |
| ) | |
| v. ) | CASE NO: 1:11-cv-0049-SEB-DML |
| ) | |
| DODDS MASONRY CONSTRUCTION CO., ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

# Order on Motions for Proceedings Supplemental to Answer Interrogatories and <u>on Motion to Quash Subpoenas</u>

The court entered a default judgment against the defendant, Dodds Masonry Construction Co., Inc. ("Dodds Inc."), on June 20, 2011, in the amount of $132,000.00, and the plaintiffs have been trying to collect the judgment. (Dkt. 14). On August 8, 2011, the plaintiffs filed motions requesting the court to order two non-party entities to answer interrogatories regarding (a) whether the entity holds any money or property that is due or about to become due to Dodds Inc. and (b) the entity's relationships with Dodds Inc. The two entities are Dodds Masonry of Indiana, LLC ("Dodds Indiana") (*see* Dkt. 30) and Dodds Masonry of Kentucky, LLC ("Dodds Kentucky") (*see* Dkt. 31). The court permitted Dodds Indiana and Dodds Kentucky time to file responses to the request to obtain this discovery from them, which they have, and Dodds Inc. has filed a reply brief. The motions are therefore ripe for ruling.

Dodds Indiana and Dodds Kentucky filed a joint response (Dkt. 33) that also includes their own separate motion to quash documents subpoenas served on them by the plaintiffs on or

about August 17, 2011.  Combining a new motion with a response violates Local Rule 7.1, which requires that "[e]ach motion must be separate" and "[a] new motion must not be incorporated within a brief, response, or reply to a previously filed motion. . . ."  The plaintiffs' reply brief in support of their original motion to compel Dodds Indiana and Dodds Kentucky to answer interrogatories also responds to the motion to quash the subpoenas.  Although Dodds Indiana's and Dodds Kentucky's motion has been incorrectly made, the court has decided to reach the merits of the motion rather than to strike it or deny it outright.

      The response filed by Dodds Indiana and Dodds Kentucky purports to answer the interrogatories—at least in part—that the plaintiffs seek leave to propound, through an Affidavit of Michael Dodds, who attests that he is the sole owner and member of Dodds Indiana and Dodds Kentucky.  Among other things, Mr. Michael Dodds's affidavit states that Dodds Indiana and Dodds Kentucky owe no money to Dodds Inc., have not done any business with Dodds Inc., and have no assets, "carry over contracts or any equipment which was formerly" the property of Dodds Inc.

      Dodds Indiana and Dodds Kentucky assert that with the information supplied by Mr. Michael Dodds's affidavit, the plaintiffs do not need any more information in response to the interrogatories and do not need any documents in response to the subpoenas.  And other than characterizing the proposed interrogatories and the subpoenas as part of a "witch hunt," Dodds Indiana and Dodds Kentucky do not provide any legal basis why the proposed interrogatories and subpoenas are improper.  They request, however, that if they are required to respond to the subpoenas, they be permitted to produce the subpoenaed documents at Dodds Kentucky's place of business (Dodds Indiana, according to Mr. Michael Dodds, has never operated and is a dormant, inactive entity).  The plaintiffs' reply brief convinces the court that their request for

information (by interrogatories and the documents subpoenas) from Dodds Indiana and Dodds Kentucky is not an improper witch hunt, but is based on facts permitting one reasonably to suspect and seek out evidence that one or both of Dodds Indiana and Dodds Kentucky are alter egos of Dodds Inc. or otherwise are operating with Dodds Inc.'s employees, equipment, and old contracts.

Rule 69 of the Federal Rules of Civil Procedure provides that the enforcement of a money judgment "must accord with the procedure of the state where the court is located" and that the judgment creditor, to aid the execution of his judgment, "may obtain any discovery from any person" as provided in the federal rules or in the procedure of the state where the court is located. Indiana similarly permits discovery as part of proceedings supplemental to collect a judgment. *See Rose v. Mercantile Nat'l Bank,* 868 N.E.2d 772, 775 (Ind. 2007).

The court finds that the discovery requested by the plaintiffs from Dodds Indiana and Dodds Kentucky seeks relevant information, and that no showing has been made that the discovery is burdensome given the issues and stakes involved in collecting the $132,000.00 judgment. The court notes that the plaintiffs did not respond to Dodds Kentucky's request that its documents be made available at its offices in Kentucky. That is a reasonable request by an operating business. Similarly, Dodds Indiana may make its documents responsive to the subpoena to it available at its business office, to the extent one exists. If one does not exist, Dodds Indiana must make its responsive documents available at the place designated by the plaintiffs.

## Conclusion

The court GRANTS the plaintiffs' motions (Dkts. 30 and 31) to serve the interrogatories on Dodds Indiana and Dodds Kentucky. Dodds Indiana and Dodds Kentucky each must respond

in writing to the interrogatories, under oath and the penalties for perjury, on or before fourteen (14) days from the date of this order, by serving their answers upon the attorneys for the plaintiffs: Donald D. Schwartz, Arnold & Kadjan, 203 N. LaSalle Street, Suite 1650, Chicago, IL 60601, and filing them with the court.

The court DENIES the motion to quash subpoenas filed by Dodds Indiana and Dodds Kentucky. Dodds Indiana and Dodds Kentucky are ORDERED to comply with the subpoenas by producing all responsive documents for inspection and copying within fourteen (14) days of the date of this order at the place(s) permitted by this order.

So ORDERED.

Date: 09/28/2011

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

Bradley J. Buchheit
HOSTETLER & KOWALIK, P.C.
bbuchheit@hklawfirm.com

Mark Shafer O'Hara
HOSTETTER & O'HARA
mark@hostetter-ohara.com

Donald D. Schwartz
ARNOLD & KADJAN
dschwartz@arnoldandkadjan.com